IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ASSETS RESOLUTION CORPORATION                                    PLAINTIFF

         v.              Civil No. 09-05042

CHE LLC, CHER LLC, CLIFFORD
HAYES, AND RANDY HAYES                                          DEFENDANTS

<u>MEMORANDUM OPINION</u>

Now on this 31st day of March 2010, there comes on for consideration the **Motion for Summary Judgment** filed by separate defendants CHE LLC and Clifford Hayes (doc. 14).  Also before the Court are the **Motion for Summary Judgment Against Separate Defendant CHER LLC** and the **Motion for Summary Judgment Against Separate Defendant Randy Hayes** filed by plaintiff Assets Resolution Corporation (docs. 23 & 26, respectively).  The Court, being well and sufficiently advised, finds that the motions (docs. 14, 23 & 26) should be GRANTED.  Accordingly, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE against separate defendants CHE LLC and Clifford Hayes, and Plaintiff is entitled to judgment against separate defendants Randy Hayes and CHER LLC as set forth in the Judgment filed contemporaneously with this Memorandum Opinion.

**Background**

In its Amended Complaint, plaintiff Assets Resolution Corporation ("Assets") seeks to collect the outstanding balances and collateral which it claims defendants CHE LLC ("CHE"), CHER

LLC ("CHER"), Clifford Hayes ("Clifford"), and Randy Hayes ("Randy") owe it with respect to two defaulted loans.

The following facts are undisputed[1]:

1. On April 4, 2007, Randy executed and delivered to ANB Financial a universal note and security agreement ("Note 1"), in the name of CHE, obligating CHE to pay the principal sum of $50,100.00, together with interest at the rate of 10.00% per annum.

2. Pursuant to the terms of the security agreement, Note 1 was payable on demand, but if no demand was made, in monthly installments of interest beginning May 4, 2007, with the principal and interest maturing on April 4, 2008.

3. Note 1 was signed by Randy as "Member of CHE LLC."

4. The Operating Agreement of CHE provides that only Clifford is authorized to incur debt on behalf of CHE, and the Articles of Organization of CHE designate Clifford as its sole manager.

5. To secure the indebtedness of Note 1, Randy simultaneously gave ANB Financial a security interest in "All Floor Plan Inventory" of CHE.

6. ANB Financial subsequently assigned Note 1 to Assets for

---

[1] CHER did not file a statement controverting Assets' Statement of Material Facts (doc. 29), therefore, they are deemed admitted pursuant to Local Rule 56.1(c). Randy filed a response (doc. 31) in which he confessed to Assets' Statement of Material Facts (doc. 30), therefore, the Court finds these facts are undisputed.

good and valuable consideration.

7.   As of December 9, 2008, there remains an unpaid balance on Note 1 of $58,611.59.

8.   On October 22, 2007, CHER, through Randy, executed and delivered to ANB Financial a universal note and security agreement ("Note 2") by which it became obligated to re-pay the principal sum of $322,163.21, together with interest at the rate of 10.00% per annum.

9.   Note 2 was signed by Randy, as Member of CHER.

10.   Pursuant to the terms of the security agreement, Note 2 was payable on demand, but if no demand was made, in quarterly installments of interest beginning January 23, 2008, with the principal and interest maturing on October 23, 2008.

11.   To secure the indebtedness set forth in Note 2, CHER, by and through the signature of Randy, simultaneously gave ANB Financial a security interest in:

(a) Vintage 08 Model V852GN, VIN#5BWUV523181000156;

(b) Vintage 08 Model V824H, VIN#5BWUV252481000144;

(c) Vintage 06, VIN#5BWUV242651000142 (Red Trailer);

(d) Jayco 07 37T, VIN#1UJCJ03R571A7; and

(e) 2008 Fort TK, VIN#1FTXW43R68EB63586.

12.   ANB Financial subsequently assigned Note 2 to Assets for good and valuable consideration.

13.   As of December 9, 2008, there remains an unpaid balance

-3-

on Note 2 of $400,079.10.

14.   Despite demand, CHER has failed to pay Assets the balance owed on Note 2.

15.   On October 22, 2007, Randy signed a Guaranty to ANB Financial in which CHE purports to guarantee the payment and performance of "each and every debt, liability and obligation of every type and description" owed to ANB Financial at the time of execution or created anytime thereafter by CHER.   While Randy signed the Guaranty as guarantor and listed himself as "President of CHE," the signature line, as drafted by ANB Financial, listed Clifford as the guarantor and was prepared for Clifford's signature.

**Standard of Review**

Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**.  Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.  **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute;  however, once the moving party has

-4-

met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute.  **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

### Analysis

In their motion for summary judgment, CHE and Clifford state that Randy was not authorized to incur debt on behalf of CHE, as he was not a designated manager or president of CHE.  Thus, CHE and Clifford contend that Randy did not have the requisite authority to sign Note 1 and the subsequent guaranty of CHE.  Accordingly, they say that the claims against them should be dismissed.

In its motion for summary judgment against Randy, it appears that Assets agrees with the contentions of CHE and Clifford. Assets says that because Randy signed Note 1 as an unauthorized signore, he is now personally liable on the instrument.  Assets cites to **Section 4-3-403 of the Arkansas Code**, which provides that a person who signs an instrument on behalf of another without authority becomes liable for the instrument.

Randy does not dispute the assertions of CHE, Clifford, and Assets, nor the fact that Note 1 is in default and the balance of said loan is now due.  The Court, therefore, finds that Note 1 is in default per its terms, and judgment should be entered against Randy on the balance of said loan.

-5-

Regarding Note 2, Assets contends in both of its motions for summary judgment that Randy properly signed Note 2 on behalf of CHER, and that said note is now in default and payment is due by CHER per the terms of the loan.  Moreover, Assets contends that Randy is also personally liable for Note 2, because he signed the October 22, 2007 Guaranty in which CHE purportedly guaranteed the payment and performance of "each and every debt, liability and obligation of every type and description" owed to ANB Financial by CHER.  Because Randy signed this guaranty on behalf of CHE without the requisite authority or authorization, Randy is now liable for the obligations set forth therein.  **See Ark. Code Ann. § 4-3-403.**

Neither CHER nor Randy dispute the fact that Randy signed Note 2 on behalf of CHER and that said loan is now in default. Nor does Randy dispute the fact that he signed the October 22, 2007 Guaranty and is now personally liable for the payment of Note 2.  Thus, the Court finds that Note 2 is in default per its terms, and judgment should be entered against both CHER and Randy on the balance of said loan.

**IT IS THEREFORE ORDERED** that the **Motion for Summary Judgment** filed by separate defendants CHE LLC and Clifford Hayes (doc. 14), the **Motion for Summary Judgment Against Separate Defendant CHER LLC** and the **Motion for Summary Judgment Against Separate Defendant Randy Hayes** filed by plaintiff Assets Resolution Corporation (docs. 23 & 26, respectively) should each be, and hereby are,

-6-

**granted,** and judgment against CHER LLC and Randy Hayes will be entered by separate document filed concurrently herewith.

   **IT IS SO ORDERED.**

   **/s/ Robert T. Dawson**
   **HONORABLE ROBERT T. DAWSON**
   **UNITED STATES DISTRICT COURT**

**AO72A**
**(Rev. 8/82)**